# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN VICENTE HERNANDEZ,<br><br>             Petitioner,<br><br>     v.<br><br>NEIL H. ADLER,<br><br>             Respondent. | 1:08-cv-00315 OWW SMS HC<br><br>ORDER REQUIRING RESPONDENT TO SUBMIT ANSWER ADDRESSING MERITS OF PETITION<br><br>ORDER REQUIRING RESPONDENT TO SUBMIT NOTICE OF APPEARANCE<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

   Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

   Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the

1  petitioner's custodian. Brown, 610 F.2d at 677.

2  In this case, Petitioner contends that the Bureau of Prisons has improperly calculated his
3  good time credits resulting in a later release date. Petitioner is challenging the execution of his
4  sentence rather than the imposition of that sentence. Thus, his petition is proper under 28 U.S.C.
5  § 2241. In addition, because Petitioner is currently incarcerated at Taft Correctional Institute
6  ("TCI"), and TCI is within the Eastern District of California, this Court has jurisdiction to
7  proceed to the merits of the petition. See U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).

## ORDER

9  Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court
10  HEREBY ORDERS:

11  1.  Respondent SHALL FILE an ANSWER addressing the merits of the Petition
12      within **SIXTY (60)** days of the date of service of this order. Respondent shall
13      include with the response any and all transcripts or other documents relevant to
14      the resolution of the issues presented in the petition, including copies of appeals
15      taken by a prisoner within the prison and before the Bureau of Prisons.[2] Rule 5 of
16      the Rules Governing Section 2254 Cases. The Court recognizes that Counsel on
17      behalf of the Government and/or the Institution[3] may wish to respond on separate
18      issues raised in the Petition. However, the Court will accept only one (1)
19      "Answer." Such Answer SHALL CONTAIN all argument with respect to all of

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

[2] In the event Respondent is unable to obtain a photocopy of prisoner appeals and intends to file a computerized printout of the disposition, Respondent must also provide the Court with translation of the internal codes used in the printout. To the extent the claims concern prison policy and procedure not accessible to the Court by electronic means (Westlaw/Lexis), Respondent must provide the Court with a photocopy of all prison policies and/or procedures at issue in the case. This includes any *internal* prison policies of which a prisoner complains and is subject to.

[3] Counsel for the "Institution" means private Counsel representing contracted facilities such as Taft Correctional Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections Corporation of America).

1  the issues raised in the Petition, whether formulated by Counsel for the
2  Government or the Institution.

3  2. Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of
4  the date of service of this Order. The Notice SHALL indicate the name of the
5  individual(s) who will be representing the Government and/or the Institution. The
6  Notice is necessary to ensure that the appropriate counsel for Respondent is being
7  served by the Court. The submission of the Notice of Appearance will terminate
8  Court service on those listed in paragraph 4.

9  3. Petitioner's TRAVERSE, if any, is due on or before **THIRTY (30)** days from the
10  date Respondent's Answer is filed.

11  4. The Clerk of the Court SHALL serve a copy of this Order along with a copy of the
12  Petition and all exhibits on the Office of the United States Attorney for the
13  Eastern District of California, an agent for the appropriate Correctional Institution
14  if applicable, and the United States Bureau of Prisons.[4]

15  All motions shall be submitted on the record and briefs filed without oral argument unless
16  otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are
17  applicable to this order.

18
19  IT IS SO ORDERED.
20  **Dated:   March 6, 2008**            /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

---

[4] Respondent is advised that a scanned copy of the petition for writ of habeas corpus is available through the Court's Electronic Case Filing System ("CM/ECF").

3