# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN VICENTE HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>NEIL H. ADLER,<br><br>    Respondent. | 1:08-cv-00315 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, CONSTRUED AS ANSWER TO PETITION<br><br>[Doc. 7] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on March 5, 2008. Respondent filed a response to the petition on April 25, 2008. Petitioner filed an opposition on June 5, 2008, and Respondent filed a reply on June 11, 2008.

## DISCUSSION

I.    <u>Standard of Review</u>

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. <u>See</u> 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>See</u> e.g., <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998); <u>Kingsley v. Bureau of Prisons</u>,

1  937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);
2  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under 28 U.S.C. §
3  2241 a petitioner in federal custody must show that his sentence is being executed in an illegal,
4  but not necessarily unconstitutional, manner.  See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th
5  Cir. 1995) (contending time spent in state custody should be credited toward federal custody);
6  Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment
7  center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether
8  petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677
9  (challenging content of inaccurate pre-sentence report used to deny parole).  A petitioner filing a
10 petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial
11 district of the petitioner's custodian.  Brown, 610 F.2d at 677.  At the time the instant petition
12 was filed, Petitioner was in the custody of the Taft Correctional Institute, in California, which is
13 located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 2241(d).

14 II.     Exhaustion Administrative Remedies

15     Before filing a petition for writ of habeas corpus, a federal prisoner challenging any
16 circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v.
17 Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,
18 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that
19 federal prisoners exhaust administrative remedies before filing a habeas corpus petition was
20 judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir.
21 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If
22 Petitioner has not properly exhausted his claims, the district court, in its discretion, may either
23 "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his
24 administrative remedies before proceeding in court."

25     The government argues that Petitioner has not exhausted the administrative remedies, and
26 requests that the petition be dismissed on that ground.  Even assuming this is true, the Court finds
27 that, in this instance, exhaustion shall be excused, as it appears it would have been futile because
28 the claims in all likelihood would have been rejected.  Futility is an exception to the exhaustion

requirement. <u>Laing v. Ashcroft</u>, 370 F.3d 994, 1000-01 (9th Cir. 2004), <u>citing</u> <u>S.E.C. v. G.C. George Sec., Inc.</u>, 637 F.2d 685, 688 n.4 (9th Cir. 1981) ("exceptions to the general rule requiring exhaustion cover situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.")  As such, the Court will reach the merits of Petitioner's claims.

III.     <u>Custody Time Credit</u>

Petitioner contends that his sentence was improperly calculated because he did not receive the correct amount of pre-sentence custody credit.  As Respondent correctly argues, Petitioner's pre-sentence custody credits has been properly calculated by the prison.

Petitioner was first convicted and sentenced to 31 months imprisonment for illegal reentry by the United States District Court for the Eastern District of Missouri on March 3, 2005. As to this sentence, Petitioner was properly given custody credit from the date of his original arrest on September 21, 2004 to the day before his sentencing on March 2, 2005.  Such credit was properly calculated pursuant to 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3584(b).

Respondent submits Petitioner's Sentence Monitoring Computation Data sheet which clearly indicates that he received "jail" time custody credit for the period from September 21, 2004 to March 2, 2005.  (Declaration of Cheryl Lane, Exhibit B, attached to Motion.)  Based on the foregoing, Petitioner's claim to the contrary is unfounded.

IV.      <u>Imposition of Concurrent Sentences</u>

Petitioner contends that his Tennessee sentence was not calculated to run concurrently with his Missouri sentence as ordered by the Court.

Pursuant to 18 U.S.C. § 3584(c), "multiple terms of imprisonment ordered to run

3

consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." The earliest date a federal sentence can begin to run is the date of its imposition. Taylor v. Sawyer, 284 F.3d 1143, 1148 (9th Cir. 2001); SCM5[1], Ch. 1, § 3(b), p. 1-13, Declaration of Cheryl Lane, Exhibits D, E.

Thus, applying § 3584(c), Petitioner's Missouri sentence of 31 months and his Tennessee sentence of 60 months were combined into one aggregate sentence. (Declaration of Cheryl Lane.) The Tennessee Court ordered the subsequent sentence to run concurrently with the prior Missouri sentence; therefore, the 31 months and 60 months were combined for a total sentence of 60 months (i.e. the 31 month sentence will be fulfilled during the 60 months imprisonment as they are concurrent sentences). As Respondent correctly states, the somewhat troublesome part of calculating multiple federal sentences is determining the amount of "overlap" between the initial and subsequent sentence. In Petitioner's case, he was first sentenced on March 3, 2005 and then subsequently on October 31, 2005, which resulted in an overlap of 7 months and 28 days. Respondent submits that the "overlap" period of time was calculated by using the sentencing monitoring software. (Declaration of Cheryl Lane.) To make this determination, the system utilizes the date of the anchor sentence (March 3, 2005) and the sentence term (30 months), and the subsequent concurrent sentence date (October 31, 2005) and sentence term (60 months). Using this information, the program calculates the overlap time, here, 7 months and 28 days. (Declaration of Cheryl Lane, Exhibit F.) This period of time is entered into the Sentence Monitoring Computation Data sheet which determines the inmates projected date of release. (Declaration of Cheryl Lane, Exhibit B).

Petitioner argues that the Tennessee court ordered his 60 months sentence to run concurrent to the time he was serving on his Missouri sentence, as such "both cases emerged at the time of petitioner's arrest." (Opposition, at 5.) Petitioner's argument is based on a misunderstanding of the applicable legal principles and is simply flawed. The overlap period cannot and is not credited to the aggregate sentence of 60 months because it was served prior to

---

[1] "SCM" denotes Service Computation Manual.

the imposition of the second sentence. (Declaration of Cheryl Lane.) This is so because Petitioner is not entitled to credit against his aggregate 60 month sentence as a federal sentence cannot begin to run any earlier than the date it is imposed. Taylor v. Sawyer, 284 F.3d at 1148; SCM5, Ch. 1, § 3(b), p. 1-13, Declaration of Cheryl Lane, Exhibits D, E. Petitioner's argument to the contrary is nonsensical. If Petitioner's argument is successful, as Respondent illustrates, "if an inmate were sentenced to a term of 10 years, beginning on January 1, 2000, the sentence would expire on January 1, 2010. However, if the inmate were sentenced to a term of one year on December 31, 2009, to run consecutively with the first term, he would be released on January 1, 2010." (Reply, at 3-4.) Petitioner's argument is clearly flawed and unfounded.

Therefore, Petitioner's total incarceration time (without taking into consideration any applicable good time credit) totals 67 months and 28 days (60 month aggregate sentence + 7 months 28 days overlap). Again, and contrary to Petitioner's belief, the overlap period of 7 months and 28 days cannot be credited towards Petitioner's aggregate sentence because it did not begin to run until the date of imposition, October 31, 2005. (Declaration of Cheryl Lane).

As Respondent submits, based on the foregoing and computing Petitioner's sentence start date of October, 31, 2005, his 60 months sentence, along with his projected good time credit earnings of 266 days (assuming no disciplinary violations occur), Petitioner's projected release date is August 27, 2009. (Declaration of Cheryl Lane, Exhibits B, D.)

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and,

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served

1  and filed within ten (10) court days (plus three days if served by mail) after service of the
2  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
3  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
4  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
5  Cir. 1991).

6  IT IS SO ORDERED.

7  **Dated:     June 27, 2008**                    /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE